### H. J. GOOD v. A. BENDER ET AL.

DELIVERY ORDER FOR GRAIN SOLD ON FLOOR OF CHAMBER OF COMMERCE SUBJECT TO DEFENSES OF NONPAYMENT.

A delivery order for grain sold on the floor of a chamber of commerce, the rules of which in the absence of stipulations to the contrary require payment when the grain is weighed, not being a bill of lading, nor negotiable, puts subsequent purchasers upon inquiry as to title, and payment not having been made, the vendor may replevin the property even from an innocent subvendee for value.

ERROR to Hamilton common pleas court.

**Kelley & Hauck,** for plaintiff in error.
**Harmon, Colston, Goldsmith** and **Hoadly,** for defendant in error.

GIFFEN, J.
    The plaintiff as consignee and owner of a car load of oats held by the carrier, the C. H. & D. Ry. Co., on September 22, 1905, sold the same to the defendant, A. Bender, for cash on delivery and on weighing, and gave him an order of delivery. The same day Bender sold the oats to Maguire & Co. and endorsed the delivery order to them receiving therefor a check for $400, or more. The same day Maguire & Co. sold to the Gale Brothers & Co. the car of oats, and the next day delivered to them the delivery order receiving a check for $250. Thereupon the

Gale Brothers Co. surrendered the delivery order to the C. H. & D. Ry. Co. and directed the car to be delivered in the yard of the B. & O. S. W. Ry. Co., which was done. On September 26, 1905, the plaintiff, H. J. Good, commenced an action in replevin upon the ground that Bender did not pay for the oats upon delivery; that he was at the time of purchase insolvent and had no reasonable expectation of being able to pay for them. It is clear that the constructive delivery to Bender was conditional on payment for the oats when received and weighed, and did not as between themselves prevent the plaintiff from reclaiming the oats upon failure to pay on such delivery. *Wabash Elevator Co.* v. *Bank,* 23 Ohio St. 311.

But the chief question is whether he can retake them from the Gale Brothers Co., an innocent subvendee, for value.

A delivery order is not a negotiable instrument, nor does it have the same effect as a bill of lading, and even the latter conveys no better title to the assignee than his assignor had at the time of the assignment. *Emery* v. *Bank,* 25 Ohio St. 360 [18 Am. Rep. 299].

The rules of the chamber of commerce where the sale was made require, in the absence of a stipulation to the contrary, payment when the grain is weighed, and the subsequent purchasers being members were therefore put upon inquiry as to the title.

In the case of the *National Bank of Commerce* v. *Railway,* 44 Minn. 224 [46 N. W. Rep. 342; 9 L. R. A. 263; 20 Am. St. Rep. 566], the second proposition of the syllabus is as follows:

"Where goods are sold for cash on delivery, and payment is made by the purchaser by check on his banker, such payment is only conditional, and the delivery of the goods also only conditional; and if the check on due presentation is dishonored, the vendor may retake the goods, even from an innocent sub-vendee for value, unless he has been guilty of such negligence or laches as would equitably estop him from so doing."

That case which cites with approval the case of *Hodgson* v. *Barrett,* 33 Ohio St. 63 [31 Am. Rep. 527], is decisive of this case, as the testimony discloses no negligence or laches on the part of plaintiff. The delivery order upon which the purchasers seem to have relied was not such evidence or ownership as calls for the application of the rule stated in the case of *Eaton* v. *Davidson,* 46 Ohio St. 355, 362 [21 N. E. Rep. 442]: "That of two innocent persons, he must suffer who has placed the other in the power of the wrongdoer;" but on the contrary under the rules of the chamber of commerce it called for an investigation, if there was any doubt concerning the terms of the original contract or of the solvency of the purchaser. The court erred in its charge to the

Good v. Bender.

jury by calling the delivery order and giving it the effect of a bill of lading, and overruling the motion for a new trial upon the ground that the verdict was contrary to the evidence and the law.

Judgment reversed and judgment for plaintiff in error on the undisputed facts.

**Swing** and **Smith, JJ.,** concur.